

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2007

# USA v. McDowell

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4072

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. McDowell" (2007). *2007 Decisions*. Paper 1559.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1559

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4072

———

UNITED STATES OF AMERICA,


v.

JAMES E. MCDOWELL,

Appellant.

———

On Appeal from the United States District Court
for the District of Delaware
(No. 04-cr-48)
District Judge: Honorable Joseph J. Farnan, Jr.

———

Submitted Under Third Circuit LAR 34.1(a),
January 23, 2007


Before: SCIRICA, Chief Judge, FUENTES and CHAGARES, Circuit Judges

(Filed:  February 28, 2007)

FUENTES, <u>Circuit Judge</u>.

The sole issue raised in this appeal is whether the District Court erred in refusing to grant a downward departure in imposing sentence. For the reasons set forth below, we will dismiss the appeal for lack of jurisdiction.

Appellant James McDowell pleaded guilty to one count of interstate transportation of child pornography in violation of 18 U.S.C. § 2252A(a)(1). On August 2, 2005, the District Court sentenced McDowell to 87 months' imprisonment, at the low end of a guideline range of 87 to 108 months. In imposing sentence, the District Court rejected McDowell's motion for a downward departure for post-offense rehabilitation, diminished capacity, and minimal threat to society. As the District Court stated to McDowell at the sentencing hearing:

> I have, in child pornography cases, tried to always determine whether the defendant was viewing child pornography as opposed to . . . reaching out to children or engaging children in addition to viewing . . . Where there's been a reaching out, I, like the other judges of the court, have sentenced within the guidelines. The facts of your case indicate that you reached out . . . The presentence report sets forth in great detail what it was you were engaged in. So I can't find a reason to exercise my discretion and sentence you outside of the guideline.

(App. at 52.)

The foregoing quote makes plain that the District Court was well aware of its

2

discretionary authority to grant a downward departure, but simply chose not to based on the circumstances presented. "It is well-established in this Court that we lack jurisdiction to review the merits of a district court's discretionary decision to refuse a downward departure under the Sentencing Guidelines once we determine that the District Court properly understood its authority to grant a departure." United States v. Minutoli, 374 F.3d 236, 239 (3d Cir. 2004); see also United States v. Cooper, 437 F.3d 324, 332-33 (3d Cir. 2006) (holding that limitations on appellate review of district court's discretionary decision to deny downward departure still apply post-Booker).

Accordingly, we will dismiss the appeal for lack of jurisdiction.